**FILED**
**Apr 10, 2023**
**08:30 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Dennis Jenkins | ) Docket No. 2022-07-0221 |
| | ) |
| v. | ) State File No. 24389-2022 |
| | ) |
| Tyson Foods, Inc. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee questions the trial court's conclusion that he did not present sufficient evidence to establish that he is entitled to the requested benefits. The employee alleged he was struck by a forklift and suffered injuries to his upper extremities. After initially authorizing medical care, the employer denied the claim, asserting the alleged incident did not occur as described by the employee. Moreover, the authorized physician opined the employee did not suffer an injury arising primarily out of his employment. Following an expedited hearing, the trial court concluded the employee had not shown he is likely to prevail at a hearing on the merits and denied the employee's request for benefits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court's decision and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Dennis Jenkins, Jackson, Tennessee, employee-appellant, pro se

Jared S. Renfroe, Memphis, Tennessee, for the employer-appellee, Tyson Foods, Inc.

# Memorandum Opinion[1]

Dennis Jenkins ("Employee") alleges that on April 7, 2022, he was struck by a forklift in a hallway and suffered injuries to his upper extremities while in the course and scope of his employment with Tyson Foods, Inc. ("Employer"). He reported the alleged incident immediately and was given a panel of physicians from which he selected Dr. Peter Gardner. He saw Dr. Gardner on April 11, reporting that he was struck by a forklift when the forklift came through a door and hit him. Dr. Gardner diagnosed him with contusions to both forearms and sprains in both wrists. He was released to return to work with no restrictions and was referred for therapy. Thereafter, Employer denied the claim.

Employer introduced into evidence a video of the alleged incident. The video shows a forklift being backed into a hallway. As the forklift enters the hallway, Employee, who is looking away, almost walks into it. He stops suddenly and puts an arm out as though to brace himself on the forklift to avoid falling. The video does not show the employee being struck by the forklift.

Employee's description of the accident, however, is markedly different. He testified that the forklift "flew" through the door, requiring him to "throw [his] hands and stuff up to try to protect [himself]." He testified that he used his hands and elbows to push against the forklift to "stop him from running over me." He described being in "mortal shock" and being helped to the office to complete an incident report. When questioned about these discrepancies in his deposition, Employee testified that the video did not show the entire incident. When cross-examined about these discrepancies during the expedited hearing, Employee testified that the video did not show the event in question and that there was another incident, not reflected in the video, during which he was injured by a forklift.

On November 29, 2022, Employer sent correspondence to Dr. Gardner requesting his opinion with respect to causation. Dr. Gardner responded that the incident at work was not more than 50% responsible for causing a new injury or aggravating a pre-existing condition and that any necessary treatment would be related to a pre-existing condition. Dr. Gardner also opined that, based on his review of the information provided to him by Employer, there was no definitive injury.

Employer and Employee both submitted medical records concerning this injury as well as Employee's prior medical treatment. Although Employee testified in his deposition that he had not experienced problems with his wrists, hands, and left shoulder prior to this incident, the medical records reflect treatment in 2018, 2019, 2021, and early

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

2022 for complaints of pain in both wrists and hands and in his shoulders. At the expedited hearing, Employee explained that he has diabetes that causes pain in multiple body parts and that those symptoms were different from what he experienced after the alleged work incident. Although the medical records do reflect that Employee has diabetes, they do not indicate that his prior history of complaints were related to that condition. Rather, the records indicate that Employee reported various accidents as the cause of his complaints, such as falling at work, being struck by a vehicle in the parking lot at work, and a rack of glasses falling on his hand at work.

After the expedited hearing, the trial court entered an order finding Employee's explanation of the discrepancies and inconsistencies in his versions of events unpersuasive. The court also observed that the only medical proof presented at the hearing reflected that Employee's medical conditions did not arise primarily out of the alleged work incident. The court noted that medical records dating back to 2018 reveal similar problems with his upper extremities and that, as a result, Employee's "assertions that he suffered a work-related accident to his upper extremities on April 7[, 2022] are not credible." Employee has appealed.

On his notice of appeal, Employee raises a single issue: "Don't feel like my doctor statements was [sic] presented right." Employee did not file a brief or offer any explanation regarding how his "doctor statements" were improperly or incorrectly presented. Moreover, Employee offers no legal explanation of how he believes the trial court erred. As such, we are unable to discern any factual or legal issues for review. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law clearly prohibits. *See Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). As mandated by Tennessee Code Annotated section 50-6-239(c)(7), we must presume the trial court's factual findings are correct, unless the preponderance of the evidence is otherwise.

The court reviewed Employee's deposition testimony, the medical records admitted into evidence, the video of the alleged incident, and Employee's hearing testimony and concluded Employee was not credible. The preponderance of the evidence supports that conclusion. Employee denied having prior difficulties with his upper extremities despite medical records dating back approximately four years that reflect similar complaints as those alleged in this incident. Employee initially agreed that the video showed the alleged incident, then testified that it did not show the entire incident, then testified that it did not show the incident at all. Employee denied having any prior workers' compensation claims despite having filed at least six prior workers' compensation claims. The authorized physician opined that Employee's current

3

complaints are not primarily caused by the alleged accident and that he suffered no identifiable injury. Employee presented no medical evidence to the contrary. In short, we agree that the preponderance of the evidence supports the trial court's conclusion that Employee did not establish he is likely to prevail at a hearing on the merits.

Finally, Employer asserts that Employee's appeal is frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). Here, Employee did not file a brief or offer any legal explanation regarding how the trial court erred. Thus, we conclude his appeal is frivolous. However, we exercise our discretion and decline to award attorneys' fees or expenses in these circumstances.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal have been waived.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Dennis Jenkins | ) | Docket No. 2022-07-0221 |
| | ) | |
| v. | ) | State File No. 24389-2022 |
| | ) | |
| Tyson Foods, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of April, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Dennis Jenkins | X | X | | | 128 N. Rosewood Street Jackson, TN 38301 |
| Jared Renfroe | | | | X | jrenfroe@spicerfirm.com pdennis@spicerfirm.com imiller@spicerfirm.com |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

*Olivia Yearwood* (signature)

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov